OPINION OF THE COURT
Memorandum.
Ordered that the judgment is modified by reducing the award to plaintiff on his cause of action to the principal sum of $900 and by awarding defendant the principal sum of $266.38 on its counterclaim for reimbursement of cell phone charges; as so modified, the judgment is affirmed, without costs.
Plaintiff, who had been employed by defendant, seeks in this small claims action to recover the principal sum of $1,975, alleging that he was not paid for labor he had performed for defendant, and additionally that three checks for $300 each, paid to him by defendant, were dishonored upon presentment. Defendant counterclaims for $5,000, based on plaintiffs alleged use of defendant’s cell phone following the termination of his employment, his alleged taking of company tools, and his alleged damaging of defendant’s vehicle. Following a nonjury trial, judgment was awarded to plaintiff in the principal sum of $1,800 and dismissing the counterclaims. In its decision, the District Court commented that, under sections 190 to 198 of the Labor Law, defendant was not entitled to withhold wage payments under a pretext of missing tools or damage to a company van. While finding that the evidence did not support plaintiffs claim for unpaid wages over and above the sum sought for the dishonored checks, the court concluded that, under General Obligations Law § 11-104, plaintiff was entitled to recover twice the sum of the dishonored checks, or $1,800.
The District Court based its award to plaintiff on its reading of General Obligations Law § 11-104, concluding that, under that statute, for each dishonored check, plaintiff was entitled to recover the lesser of a doubling of the check or $750. Consequently, the District Court awarded plaintiff $600 for each dishonored check. Section 11-104 of the General Obligations Law, however, permits the award of statutory damages in excess of the face amount of the check to a holder of a dishonored check only following the mailing to the drawer of the dishonored check of two written demands for payment in a form specified *60 by statute (see General Obligations Law § 11-104 [1], [7], [8]). As there was no evidence that plaintiff had fulfilled those statutory requirements, we find that the District Court’s award of damages to plaintiff based upon a doubling of the amounts of the dishonored checks did not render substantial justice between the parties in accordance with the rules and principles of substantive law (UDCA 1807). We accordingly reduce the judgment, insofar as it was in favor of plaintiff, by $900, to the principal sum of $900.
Defendant argues that it was entitled to recover on its counterclaims for reimbursement of cell phone charges and for damage to its vehicle. In support of defendant’s claim for reimbursement of its cell phone bills, Robert Willett testified that, when plaintiff originally had left defendant’s employ, plaintiff had asked him not to shut off his company cell phone, but that 18 months passed before plaintiff had transferred the cell phone to his own name. Defendant submitted into evidence its cell phone bills for 10 months, 8 of which months followed the termination of plaintiff’s employment for defendant. Plaintiffs claim that the phone did not work is belied by the minutes of usage indicated for the phone throughout that period. The charges attributed to plaintiffs cell phone for that period total $266.38, and we conclude that an award in that amount to defendant on this counterclaim is required to effect substantial justice between the parties in accordance with the rules and principles of substantive law (UDCA 1807).
Defendant claimed that plaintiff was responsible for damage he had caused to a company vehicle in an accident. However, there was no evidence that the accident had resulted from a failure by plaintiff to exercise reasonable care and diligence or from any misconduct. Consequently, plaintiff was not liable to defendant for the damage to the company vehicle which resulted from the accident. We note that, in any event, defendant failed to prove the amount of its damages (see UDCA 1804). Although defendant also claimed that plaintiff had spitefully damaged the interior of defendant’s van, upon a review of the photographic evidence, we conclude that defendant’s claim lacked merit.
The judgment is accordingly modified by reducing the award to plaintiff to the principal sum of $900 on his cause of action, and by awarding defendant the principal sum of $266.38 on its counterclaim for reimbursement of cell phone charges.
Molía, J.E, Nicolai and LaCava, JJ., concur.